**JEFFREY J. PROSSER, Plaintiff**
**v.**
**DAVID MARSHALL NISSMAN, Defendant**

Case No. SX-09-CV-509
Superior Court of the Virgin Islands
Division of St. Croix
August 25, 2016

WILLOCKS, *Administrative Judge*

## MEMORANDUM OPINION

(August 25, 2016)

**THIS MATTER** is before the Court on Defendant David Marshall Nissman's (hereinafter, "Nissman" or "Defendant") Motion to Dismiss In Lieu of Answer (hereinafter, "Motion") filed on December 14, 2009. Plaintiff Jeffrey J. Prosser (hereinafter, "Prosser" or "Plaintiff") filed an opposition (hereinafter, "Opposition") on January 19, 2010. Nissman filed Supplemental Authority on April 13, 2012 and a Renewed Motion to Dismiss In Lieu of Answer on April 22, 2014. For the reasons elucidated below, the Court will deny the Defendant's Motion to Dismiss.

## FACTS AND PROCEDURAL HISTORY[1]

Plaintiff was the owner and manager of the Virgin Islands Telephone Company (hereinafter, "VITELCO"), a wholly-owned subsidiary of Innovative Communication Corporation (hereinafter, "ICC") from approximately December 1997 until October 7, 2007.[2] VITELCO, a public utility, was a local telephone provider in the Virgin Islands regulated by the Public Services Commission (hereinafter, "PSC").[3] The PSC opened Docket No. 578 to conduct a rate investigation for local

---

[1] *See Prosser v. Public Servs. Comm'n of the U.S. V.I.*, 56 V.I. 391, 394-400 (V.I. 2012) (giving a full chronological account of the factual and procedural history of Prosser and the PSC).

[2] Compl. ¶ 4.

[3] Compl. ¶ 5; *see* 30 V.I.C. § 1(a)(3).

77

telephone services charged by VITELCO.[4] On November 5, 2008, Nissman was appointed by the PSC to be the hearing examiner in Docket No. 578.[5] The Hearings on Docket No. 578 took place from November 5 through 7, 2008.[6] On December 8, 2008, Nissman published a Report with his recommendations.[7] The PSC voted to accept the recommendations in the Report.[8]

In the Report, Defendant allegedly made critical, disparaging and false statements about Plaintiff's prior management and that Plaintiff misappropriated $20 million from the employees' pension fund.[9] The Report was allegedly unsupported by facts or the annual audits of VITELCO's pension funds.[10] By publishing this Report, the Defendant allegedly placed Plaintiff in a false light publicly and caused him injury.[11]

On October 29, 2009, Plaintiff filed a Complaint alleging Defamation of Character (Count I), Libel (Count II), Intentional Infliction of Emotional Distress (Count III), Invasion of Privacy (Count IV), and Slander (Count V). The issue before the Court is whether to dismiss the Complaint.

## DISCUSSION

Nissman asserts that dismissal is warranted because in his temporary position as a hearing examiner, he is protected from all civil claims for damages by the common law privilege of quasi-judicial immunity. Nissman compares his authority as a hearing examiner to that of a Magistrate or administrative law judge. Supplemental Mot. at 3 and Mot. to Dismiss at 4. Prosser argues that the privilege of quasi-judicial immunity does not apply to Nissman because in his role as a hearing examiner, Nissman was an agent appointed to conduct investigations on behalf of the PSC. Pl.'s Opp'n. The Court agrees with the Plaintiff.

---

[4] Compl. ¶ 6; see 30 V.I.C. § 20.

[5] Compl. ¶ 7.

[6] Compl. ¶ 10.

[7] Compl. ¶ 11.

[8] Compl. ¶ 12.

[9] Compl. ¶¶ 26-27.

[10] Compl. ¶¶ 28-29.

[11] Compl. ¶¶ 44, 49.

■ The authority of a Hearing Examiner is governed by Section 18 of Title 30 of the Virgin Islands Code. *See* 30 V.I.C. § 18. Section 18 provides that the PSC has statutory authority to appoint hearing examiners,

> For the purpose of making any investigation with regard to any public utility the Commission shall have power to appoint, by an order in writing, an agent whose duties shall be prescribed in such order. In the discharge of his duties such agent shall have every power whatsoever granted in this chapter to the Commission, except the power to issue any order for which a hearing is required, and said agent shall have power to administer oaths and take depositions. The Commission may conduct any number of such investigations contemporaneously through different agents, and may delegate to such agent or agents the taking of all testimony bearing upon any investigation or hearing. The decision of the Commission shall be based upon its examination of all testimony and records. The recommendations made by such agents shall be advisory only, and shall not preclude the taking of further testimony, if the Commission so order, nor further investigation.[12]

When dealing with the interpretation of a Virgin Islands statute, courts must utilize the canons of statutory construction defined by the Supreme Court of the Virgin Islands and the Virgin Islands Code in order to determine the intent of the Legislature — which must control over any common-law authority that would be the focus of a *Banks*[13] analysis.[14] Additionally, it is axiomatic that where the court can determine the intent of the Legislature in enacting a statute, the court is required to read the statute to carry out that legislative intent.[15]

■ A plain reading of Section 18 of Title 30 of the Virgin Islands Code indicates that the Legislative intent is clear. The language of Section 18 explicitly states that a hearing examiner is an agent appointed for the

---

[12] *See Prosser v. Public Servs. Comm'n of the U.S.V.I.*, 56 V.I. 391, 407 (V.I. 2012); *see also* 30 V.I.C. § 18.

[13] *Banks v. International Rental & Leasing Corp.*, 55 V.I. 967 (V.I. 2011).

[14] *In re L.O.F.*, 62 V.I. 655, 661 n.6 (V.I. 2015) (internal quotation marks and citations omitted); *see also* 1 V.I.C. §§ 41-52 (providing default rules of statutory construction).

[15] *Duggins v. People of the Virgin Islands*, 56 V.I. 295, 304 (V.I. 2012) (internal quotation marks omitted).

purpose of making an investigation. As an investigator, the statute spells out that the scope of authority granted to a hearing examiner is limited to taking oaths, taking depositions, conducting investigations, taking testimony and records. The hearing examiner's authority is constrained to issuing advisory recommendations based on the investigation.

■ It is obvious that the Legislature intended to vest the hearing examiner with the authority only to conduct investigations as an agent of the PSC. In alignment with the Legislature's intent, the purpose of Section 18 is to spell out the duties and function of a hearing examiner in order to facilitate the PSC's regulation of public service utilities. *Duggins*, 56 V.I. at 304 (citation omitted) (noting that legislative purpose and intent when obvious must be carried out irrespective of rules and interpretation as the intention of the lawmaker is the law). It is clear that the Legislature did not intend for the hearings conducted by the hearing examiner to be adjudicative. The statute only refers to hearing examiners as agents conducting investigations. Furthermore, there is no immunity for hearing examiners provided by the statute or otherwise. *See In re L.O.F.*, 62 V.I. at 661 n.6 (citations omitted) ("mindful of the separation of powers," this Court "lacks the authority to amend the Virgin Islands Code").

■ Because Section 18 controls, there is no need to address whether the privilege of quasi-judicial immunity applies to Nissman. Section 18 expressly provides that a hearing examiner is an investigator and does not prescribe any immunity for performing such function. Ergo, the Court will dismiss Nissman's Motion.

**CONCLUSION**

Based on the foregoing analysis, Nissman's Motion will be dismissed. The scope of Nissman's duties as a hearing examiner is governed by Section 18 of Title 30 of the Virgin Islands Code. Hence, the common law privilege of quasi-judicial immunity is not applicable. The Court will enter an Order consistent with this Memorandum Opinion.